IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MWAMARATUNGA PIPORE,           )
                               )
          Plaintiff,           )
                               )
     v.                        )          CV 123-055
                               )
TYRONE OLIVER, et al.,         )
                               )
          Defendants.          )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983.  Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE AMENDED COMPLAINT**

      A.    **BACKGROUND**

Plaintiff commenced this case by naming sixteen defendants and submitting a fourteen-page handwritten complaint describing alleged mistreatment by various individuals over two to three years while incarcerated at ASMP.  (See doc. no. 1.)  By Order dated May 5, 2023, the Court explained Plaintiff must submit an amended complaint, pointed out Plaintiff's pleadings failed to meet the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement showing Plaintiff is entitled to relief, and explained his litany of complaints

concerning several years of alleged mistreatment could not be properly joined in one lawsuit. (Doc. no. 5, pp. 4-5.)   The Court then provided Plaintiff with specific instructions for submitting an amended complaint.   (See id. at 5-6.)

In response, Plaintiff submitted a twenty-seven-page third amended complaint that included the same named Defendants, six additional Defendants, and still contained the same litany of complaints concerning alleged misconduct by Defendants beginning in June 2021. (See generally doc. no. 20.)   Plaintiff completely disregarded the instructions given in the Court's May 5th Order concerning Plaintiff's attempt to bring a host of unrelated claims in one lawsuit.   (See doc. no. 5, p. 4.)   Rather, Plaintiff again provides a disjointed description of various issues concerning the twenty named Defendants over approximately two to three years and fails to demonstrate the relatedness of his claims.   (See generally doc. no. 20.)

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff is alleging countless violations of discrimination, mail issues, denial of food, harassment and retaliation due to his conviction of raping a Muslim girl, attempted suicide, self-harm, housing complaints, and grievance issues.   (Id.)

## B.   DISCUSSION

### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.   See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).   "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.**      **Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed

at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.

. . . .

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court warned Plaintiff about the deficiencies in his original complaint, provided detailed instructions on how to correct these deficiencies, and warned that failure to correct them would result in the Court recommending dismissal. (See doc. no. 5.) Plaintiff failed to correct the pleading deficiencies and completely disregarded the instructions given in the Court's May 5th Order regarding his attempt to bring a host of unrelated claims in one lawsuit. (See generally doc. no. 20.) Instead, Plaintiff filed another quintessential shotgun

5

pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of wholly unrelated claims that occurred over two to three years while incarcerated at ASMP, all in violation of Federal Rule of Civil Procedure 20.  (See generally id.)

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed. See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (*per curiam*) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear").  Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Jester v. Ayodele Ayedun, et al., 2022 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022), aff'd, No. 22-14213 (11th Cir. Aug. 11, 2023) (affirming rejection of complaint that did not comply with amendment instructions); see also Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).

Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's amended

complaint should be dismissed.  See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5

(S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not

provide limitless attempts to correct repeatedly noted pleading deficiencies).

## II.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of October, 2023, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA